CHRISTOPHER A. SEACORD
CSEACORD@GORDONREES.COM

# GORDON & REES LLP

ATTORNEYS AT LAW
90 BROAD STREET, 23RD FLOOR
NEW YORK, NY 10004
PHONE: (212) 269-5500
FAX: (212) 269-5505
WWW.GORDONREES.COM

November 27, 2013

**BY ECF**

The Honorable Leonard D. Wexler
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    *Lisa DeLisi, et al. v. The National Association of Professional Women, Inc., et al.*
> *Civil Action No. 13 Civ. 5322 (LDW)(WDW)*

Dear Judge Wexler:

This office represents Defendants the National Association of Professional Women, Inc. ("NAPW"), Matthew Proman ("Proman"), Chris Wesser ("Wesser"), and Krissy L. DeMonte ("DeMonte"), in the above-referenced action. Pursuant to Your Honor's Individual Motion Practices and Rules, we respectfully write to request a pre-motion conference for the purpose of obtaining leave to file a motion to dismiss the Amended Complaint with respect to Defendant Wesser. The anticipated bases for Defendant Wesser's proposed motion are set forth below.

## BACKGROUND

Plaintiffs Lisa DeLisi ("DeLisi"), Crystal Alexander ("Alexander"), Monique McCabe ("McCabe"), and Anika Cosbert ("Cosbert") are four females formerly employed by Defendant NAPW as sales representatives. In their Amended Complaint, Plaintiffs assert claims of gender discrimination, sexual harassment and retaliation pursuant to Title VII and the New York State Human Rights Law ("NYSHRL"), New York State Executive Law § 296, *et seq.*, as well as a claim of improper deductions from wages pursuant to New York Labor Law § 193 and 12 N.Y.C.R.R. § 142-2.10. Specifically, Plaintiffs allege that, during the course of their employment with NAPW, they were subjected to sexual harassment by Krissy DeMonte. Plaintiffs further allege that they complained about DeMonte's alleged conduct, and suffered retaliation as a result.

## BASES FOR ANTICIPATED MOTION

Plaintiffs' Amended Complaint must be dismissed with respect to Defendant Wesser for failure to state a claim upon which relief may be granted. As an initial matter, it is well settled that individual defendants may not be held personally liable under Title VII. See Tomka v.

The Honorable Leonard D. Wexler, U.S.D.J.
November 27, 2013
Page 2

Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995), abrogated on other grounds by Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998); see also Patterson v. County of Oneida, 375 F.3d 206, 221 (2d Cir. 2004).  Thus, to the extent that Plaintiffs attempt to raise them, any Title VII claims against Wesser must be dismissed.

Unlike Title VII, the NYSHRL provides for individual liability for acts of discrimination or retaliation.  Specifically, the NYSHRL provides for individual liability under two separate sections:  Sections 296(1) and 296(6).  In order to be subject to liability under Section 296(1), however, a corporate employee must be "shown to have [an] ownership interest or power to do more than carry out personnel decisions made by others."  Patrowich v. Chemical Bank, 63 N.Y.2d 541, 543-44 (N.Y. 1984).  In this case, Plaintiffs do not allege that Wesser has an ownership interest in NAPW, or that he possessed the power to hire or fire the Plaintiffs herein.  Indeed, while Plaintiffs McCabe, Alexander and Cosbert all allege that their employment with NAPW was terminated, none of these individuals claims that Wesser played any role in those terminations.  Accordingly, Wesser cannot be held individually liable pursuant to Section 296(1).  See Horvath v. Am. Tissue Corp., 210 F. Supp. 2d 189, 193 (E.D.N.Y. 2002) (finding that an individual employee was not subject to liability under Section 296(1) where the plaintiff failed to allege that he had an ownership interest in the company or that he had the authority to hire or fire the plaintiff).

Section 296(6) of the NYSHRL, on the other hand, provides that it is an unlawful discriminatory practice "for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so." N.Y. Exec. Law § 296(6).  Moreover, unlike Section 296(1), the Second Circuit has held that an individual can be held liable under Section 296(6), "even though the employee is not alleged to have any power to do more than carry out personnel decisions made by others."  See Horvath, 210 F. Supp. 2d at 193 (citing Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995)).  Nonetheless, in order for an individual defendant to be held liable under such an aiding and abetting theory of liability, a plaintiff must demonstrate that the individual *actually participated* in the conduct giving rise to the claim of discrimination or retaliation.  See Gad-Tadros v. Bessemer Venture Partners, 326 F. Supp. 2d 417, 425-26 (E.D.N.Y. 2004).  In this case, the Amended Complaint is completely devoid of any allegations that Wesser actually participated in the conduct giving rise to Plaintiffs' hostile work environment sexual harassment claims.  Rather, the allegations in support of these claims are directed exclusively at the alleged conduct of DeMonte, and Plaintiffs do not allege that Wesser in any way contributed to the creation of a hostile work environment.  Accordingly, Wesser cannot be held liable for "aiding and abetting" the alleged sexual harassment.  See Gad-Tadros, 326 F. Supp. 2d at 425-26.

Similarly, with regard to Plaintiffs' retaliation claims, Wesser is not alleged to have committed, or otherwise participated in the commission of, any action sufficient to give rise to a claim of retaliation.  In order to establish a *prima facie* case of retaliation, Plaintiffs must show that: (1) they engaged in protected activity; (2) the employer was aware that they participated in such activity; (3) they suffered an adverse employment action based upon the activity; and, (4) there exists a causal connection between the protected activity and the adverse action.  See Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 312 (N.Y. 2004).  Under the NYSHRL, like Title VII, an adverse action in the retaliation context is one that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination."  See, e.g., Mejia v.

The Honorable Leonard D. Wexler, U.S.D.J.
November 27, 2013
Page 3

Roosevelt Is. Med. Assoc., 31 Misc. 3d 1206(A), 2011 N.Y. Misc. LEXIS 1354, at ***11 (N.Y. Sup. Ct. March 28, 2011) (quoting Burlington Northern & Santa Fe Ry. v. White, 548 U.S. 53, 68 (2006)).

 Here, the only Plaintiff who alleges that Wesser engaged in any purported retaliatory act is Lisa DeLisi. Specifically, DeLisi alleges that Wesser: (1) attempted to coerce her into signing documents pertaining to her discrimination and retaliation claims without counsel; (2) refused to entertain her concerns and state that he "didn't want to hear it" when DeLisi complained about not receiving fresh sales leads; (3) participated in the Company's "concerted effort to alienate and isolate [her] as retaliation for her protected activity"; and (4) called her a "liar" and accused her of trying to manufacture evidence of discrimination and retaliation. See Amended Complaint ¶¶ 52-56. With regard to the first allegation, the only document that Wesser asked DeLisi to sign was intended to memorialize a conversation regarding DeLisi's return to work following her medical leave, and stated, among other things, that DeLisi would no longer report to DeMonte.[1] Presenting DeLisi with such a document clearly is not an action that might have dissuaded a reasonable worker from making a charge of discrimination. As to DeLisi's allegations that Wesser ignored her complaints, such a failure to investigate cannot be deemed an adverse action taken in retaliation for the filing of said complaint. See Fincher v. Depository Trust & Clearing Corp., 604 F.3d 712, 721 (2d Cir. 2010). Regarding the allegation that Wesser participated in an effort to "alienate and isolate" DeLisi, such isolation is not an adverse action in the retaliation context. See, e.g., Danieu v. Teamsters Local 264, No. 08-CV-00500S, 2011 U.S. Dist. LEXIS 34546, at *23 (W.D.N.Y. March 30, 2011). Finally, with regard to the allegations that Wesser called her a "liar" and accused her of manufacturing evidence, even assuming that the incidents occurred as alleged, they are the type of "petty slights" and "minor annoyances" that, as a matter of law, do not constitute actionable retaliation. See, e.g., Martinez v. New York City Dep't of Educ., No. 04 Civ. 2728 (LTS)(DFE), 2008 U.S. Dist. LEXIS 41454, at *40-41 (S.D.N.Y. May 27, 2008).

 Accordingly, because the Amended Complaint fails to set forth sufficient facts to plausibly alleged a claim of discrimination or retaliation against Wesser, Plaintiffs' claims against Wesser must be dismissed.

**GORDON & REES LLP**

Respectfully submitted,


By:/s/  Christopher A. Seacord
 Christopher A. Seacord

---

[1] The memorandum in question is both a document referred to by DeLisi in her Complaint, as well as a document of which she has knowledge and upon which she relied when bringing the instant action. Accordingly, the Court may consider the contents of this memorandum when resolving the instant motion to dismiss. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002).