UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LISA DELISI, CRYSTAL ALEXANDER,
MONIQUE MCCABE and ANIKA COSBERT,
on behalf of themselves and on behalf of all other
similarly-situated persons,

        Plaintiffs,

  -against-

THE NATIONAL ASSOCIATION OF
PROFESSIONAL WOMEN, INC.; MATTHEW
PROMAN, in his individual and professional
capacities; CHRIS WESSER, in his individual
and professional capacities; and
KRISSY L. DEMONTE, in her individual and
professional capacities,

        Defendants.
------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 13-5322

(Wexler, J.)

APPEARANCES:
THOMPSON WIGDOR LLP
By: Douglas H. Wigdor, Esq.
    Tanvir H. Rahman, Esq.
85 Fifth Avenue
New York, NY 10003
Attorneys for Plaintiffs

THE LAW OFFICE OF BORRELLI & ASSOCIATES, P.L.L.C.
By: Michael J. Borrelli, Esq.
    Alexander T. Coleman, Esq.
1010 Northern Boulevard, Suite 328
Great Neck, NY 11201
Attorneys for Plaintiffs

GORDON & REES, LLP
By: Mercedes Colwin, Esq.
    Christopher A. Seacord, Esq.
90 Broad Street, 23rd Floor
New York, NY 10004
Attorneys for Defendants

WEXLER, District Judge:

Plaintiffs Lisa DeLisi ("DeLisi" or "Plaintiff"), Crystal Alexander ("Alexander"), Monique McCabe ("McCabe") and Anika Cosbert ("Cosbert") (collectively, "Plaintiffs") bring this employment discrimination action claiming violations of their civil rights pursuant to Title VII of the Civil Rights Act of 1962, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and the New York State Human Rights Law, New York Executive Law §§ 290, *et seq.*, ("NYSHRL"). The claims are brought against defendants The National Association of Professional Women, Inc. ("NAPW"), Matthew Proman ("Proman"), Chris Wesser ("Wesser" or "Defendant"), and Krissy L. DeMonte ("DeMonte") (collectively, "Defendants"). Plaintiffs also claim Defendants engaged in unlawful wage practices in violation of New York Law Labor, section 193 ("NYLL").[1] Defendant Wesser moves to dismiss Plaintiff DeLisi's claims, the only claims asserted against him, pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Rule 12(b)(6). For the reasons that follow, Defendant's motion is denied.

## BACKGROUND

I. Factual Background

Since this motion only seeks dismissal of DeLisi's claim against Wesser, only DeLisi's allegations will be addressed here. According to those allegations, which are accepted as true for the purposed of this motion, DeLisi was first employed by NAPW in April 2008 as a salesperson in "Membership Sales" department. Amended Complaint ("Cmplt."), ¶ 31. She was a strong

---

[1]The amended complaint includes class allegations under Rule 23 of the Federal Rules of Civil Procedure on this NYLL claim. That claim is not relevant to the present motion to dismiss.

performer and over time, was promoted to the "Press Release Sales" department. Cmplt., ¶ 32. From 2010 until she was constructively discharged in February 2013, DeLisi reported to Defendant DeMonte. According to Plaintiff, DeMonte frequently subjected her to sexual harassment by slapping, pitching or groping DeLisi's buttocks, and calling her sexually offensive names, like "bitch" and "fucking bitch." Cmplt., ¶ 33-35. Starting in the summer of 2011 and thereafter, DeLisi regularly complained to the Director of Human Resources Julie Whicher ("Whicher") about DeMonte's behavior, but no action was taken. Cmplt., ¶ 36-38. In June 2012, DeLisi complained to Wesser (the General Counsel of NAPW) and Proman (the founder and owner of NAPW), (Cmplt., ¶ 20-21) that DeMonte was being sexually inappropriate, which complaints were not taken seriously by Proman. Cmplt., ¶ 39-40. Immediately thereafter, DeLisi told Wesser and Whicher that Proman did not take her complaints seriously, and she was advised by Whicher to "accept" the harassment because DeMonte was not "going anywhere." Cmplt., ¶ 41-42.

Days later in July 2012, DeMonte slapped DeLisi even more forcefully than usual, and DeLisi responded strongly that the aggressive behavior needed to stop. "Within minutes," DeLisi went to Whicher's office and was demoted to the Membership Sales department, causing a drop in her pay by more than half. Cmplt., ¶ 43-46. Whicher suggested the job was "too stressful" for DeLisi, which was contrary to DeLisi's historically strong performance. Cmplt., ¶ 47. Later that day, partially because of the stress and anxiety caused by DeMonte's sexual harassment, DeLisi took a medically-approved disability leave. Cmplt., ¶ 48.

On July 24, 2012, DeLisi filed a charge with the Equal Employment Opportunity Commission ("EEOC"). She returned to work at the NAPW following her leave in January

2013. Cmplt., ¶ 50-51. Soon thereafter, DeLisi was subject to a "hostile and retaliatory work atmosphere" which included efforts to isolate and intimidate her, requiring her to pursue "dead-end" sales leads which threatened her income, and requiring her to solicit unsatisfied former members. Cmplt., ¶ 52. As to Defendant Wesser specifically, Plaintiff alleges that the retaliation included Wesser's "improper communications" with her, including his attempts "to coerce [her] into signing documents pertaining to her discrimination and retaliation claims" by falsely telling her the documents had been reviewed by her counsel. Cmplt., ¶ 52.

DeLisi also alleges that despite that Wesser had previously told her she could "turn to him with work-related concerns," when she did attempt to talk to him about the "dead-end" leads she was getting, he "refused to entertain" her complaints, saying "he didn't want to hear it." Cmplt., ¶ 53. DeLisi alleges this was "direct participation" in NAPW's retaliation against DeLisi. Cmplt., ¶ 54. In addition, when DeLisi again approached Wesser to complain about the poor leads and hostile treatment she received from DeMonte and others in an attempt to alienate her, Wesser called her a "liar" and accused her of manufacturing evidence of discrimination for her attorneys, and mocked her for "complain[ing] about every single thing" and not having her "head into it." Cmplt., ¶ 56. This response from Wesser, the General Counsel, as well as the other retaliatory acts she suffered on a daily basis, resulted in her constructive discharge in February 2013. Cmplt., ¶ 56.

Plaintiffs' amended complaint asserts six claims, including discrimination and harassment in violation of Title VII and the NYSHRL (Claims One and Three), retaliation under Title VII and the NYSHRL (Claims Two and Four), aiding and abetting the discrimination, harassment and retaliation in violation of the NYSHRL against Wesser and the other two

individual defendants (Claim Five), and the unlawful deductions claim in violation of NYLL (Claim Six). Since Plaintiff DeLisi is the only Plaintiff to alleges facts against Wesser, this is the only claim Wesser moves to dismiss. See Def. Mem., at 2 n. 1, and at 6.

## DISCUSSION

I. <u>Legal Principles</u>

    1.    <u>Standards on Motion to Dismiss</u>

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaints as true and draw all reasonable inferences in favor of Plaintiff. <u>Bold Electric, Inc. v. City of New York</u>, 53 F.3d 465, 469 (2d Cir. 1995). In <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), the Supreme Court rejected the standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," <u>id</u>. at 45-46. The Supreme Court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570; <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Although heightened factual pleading is not the new standard, <u>Twombley</u> holds that a "formulaic recitation of cause of action's elements will not do... Factual allegations must be enough to raise a right to relief above the speculative level." <u>Twombley</u>, at 555. A pleading need not contain "'detailed factual allegations,'" but must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, at 678, quoting <u>Twombley</u>, at 555 (other citations omitted). "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." Iqbal, at 679. Reciting bare legal conclusions is insufficient, and "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, at 679. A pleading that does nothing more than recite bare legal conclusions is insufficient to "unlock the doors of discovery." Iqbal, at 678-679.

II.     Defendant's Motion to Dismiss

Section § 296(1) of the NYSHRL states that it is unlawful for an employer to discriminate on the basis of, *inter alia*, race, creed, color, national origin, sexual orientation, sex or disability. Section § 296(6) states it is "an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article." See NYSHRL, N.Y. Exec. Law § 296(6) and (1). Section 296(7) makes it an "unlawful discriminatory practice to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article..." See NYSHRL, N.Y. Exec. Law § 296(7). While there is no claim for individual liability under Title VII, "defendants may be held individually liable under the [NYSHRL]." Ramirez v. Hempstead Union Free School Dist. Bd. of Educ., 2014 WL 3547374, *6 (E.D.N.Y. 2014) (citing Feingold v. New York, 366 F.3d 138, 157 (2d Cir. 2004) and Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995)).

Plaintiff's claim against Defendant Wesser is that he "aided and abetted" in the discrimination or retaliation against DeLisi. According to the Second Circuit in Feingold, a supervisor is an "employer" and liable under the NYSHRL if that supervisor "actually participates in the conduct giving rise to [the] discrimination." Feingold, 366 F.3d at 157 (citing Tomka, 66 F.3d at 1317). In addition, a non-supervisor, or co-worker, may be liable for

discrimination, even if they lack the authority to hire or fire the plaintiff, if that person "aid[s], abet[s], incite[s], compel[s] or coerce[s] the doing of any of the acts forbidden under this article, or attempt to do so." Id., at 158 (citing N.Y. Exec. Law § 296(6)). This language has been interpreted to extend liability to any individual defendant who "actually participates in the conduct giving rise to a discrimination claim." Id. (citations omitted).

To state a claim for retaliation under NYSHRL § 296(7), a plaintiff must establish that that "(1) she has engaged in protected activity, (2) her employer was aware that she participated in such activity, (3) she suffered an adverse employment action based upon her activity, and (4) there is a causal connection between the protected activity and the adverse action." Forrest v Jewish Guild for the Blind, 3 N.Y.3d 295, 312, 786 N.Y.S.2d 382 (2004).

Defendant here contends that Plaintiff has not sufficiently alleged that Wesser aided or abetted, or "actively participated," in any acts of discrimination or retaliation. Specifically, Defendant argues that Wesser's alleged failure to investigate or respond to DeLisi's complaints is not an "adverse employment action" as required to support a retaliation claim. Similarly, Defendant argues the DeLisi's allegations that Wesser participated in efforts to "isolate" or "alienate" her are not sufficiently pled and are not "adverse employment actions," nor is the claim that Wesser intimidated or coreced DeLisi into signing documents sufficiently specific or "adverse." Finally, Defendant argues Wesser calling DeLisi a "liar," or "complaining about every single thing," or not having "her head into it," are "petty slights or "minor annoyances" that do not give rise to a claim of retaliation.

The Court disagrees. As noted above, the allegations against Wesser, which must be taken as true for the purposes of this motion to dismiss, state that DeLisi first complained to

Wesser, the general counsel, about the sexual harassment she suffered in June 2012. Those complaints were ignored and the harassment continued until DeLisi took a medical leave in July 2012, filing a letter with the EEOC soon thereafter. Upon DeLisi's return in January 2013, the alleged harassment continued, and this time when DeLisi complained to Wesser, she was called a "liar" and no action was taken. Plaintiff argues this was in retaliation for, and separate from, her earlier complaints. See Plaintiff's Memorandum in Opposition ("Pl. Mem."), at 10-13. Assuming these facts to be true, the Court finds that they sufficiently allege that Wesser "actively participated" in conduct of discrimination or retaliation to support an aiding and abetting claim under § 296(6).

Other courts have found that a failure to investigate can constitute "active participation" to support an "aiding and abetting" claim. See Feingold v. New York, 366 F.3d 138, 157-158 (2d Cir. 2004) (summary judgment denied on § 296 claims where defendants took no action to remedy such behavior of which they were aware); Gallo v. Wonderly Co., Inc., 2014 WL 36628, *8 (N.D.N.Y. 2014) (a person may be liable under § 296 for taking no action to remedy discriminatory behavior); Lewis v. Triborough Bridge and Tunnel Auth., 77 F.Supp.2d 376, 384 (S.D.N.Y.1999) ("the case law establishes beyond cavil that a supervisor's failure to take adequate remedial measures can rise to the level of 'actual participation' under HRL § 296(6)") accord Cid v. ASA Institute of Business & Computer Technology, Inc., 2013 WL 1193056, * 6 (E.D.N.Y. 2013) (failure to investigate complaints of discrimination provides sufficient basis for aiding and abetting liability under New York City Human Rights law) (citations omitted); cf. Morgan v. NYS Atty. Gen.'s Office, 2013 WL 491525, *13 (S.D.N.Y. 2013) (recognizing that the failure to investigate could constitute aid and abetting liability, but finding this plaintiff failed

to allege that he ever brought the discriminatory conduct to his superiors).

Defendant also argues that his alleged "failure to investigate" cannot support the retaliation claim because it is not an "adverse employment action," citing Fincher v. Depository Trust and Clearing Corp., 604 F.3d 712, (2d Cir. 2010). His reliance on Fincher is misplaced. In that case, the plaintiff had allegedly complained to a senior director, which complaint was not investigated. Plaintiff argued that this failure to investigate was in retaliation of her making the complaint itself. Id., at 716. The Second Circuit ruled that "an employer's failure to investigate a complaint of discrimination cannot be considered an adverse employment action taken in retaliation for the filing of the same discrimination complaint," id., at 721, and affirmed the district court's decision to grant summary judgment.

Here, Plaintiff alleges that she repeatedly complained in 2012, including to this Defendant, left on a medical leave, filed a complaint with the EEOC, returned to work in January 2013, and then complained again to this Defendant. She alleges that the failure to investigate following her return to work in January 2013 was in retaliation of her earlier complaints. The Court finds that these facts are distinguishable from those in Fincher, and notes that court stated "[w]e do not mean to suggest that failure to investigate a complaint cannot ever be considered an adverse employment action for purposes of a retaliation claim. It can be if the failure is in retaliation for some separate, protected act by the plaintiff." Id., at 722. Such is the case here.

Defendant also argues that Wesser was not a supervisor, or someone with authority to, for example, remedy Plaintiff's complaints that she received "dead-end" leads. Yet, the Court notes that Wesser was the General Counsel, and Plaintiff alleges he invited her to "turn to him" if she had any work-related concerns, presumably so he could address them. The Court is mindful that

this is a motion to dismiss and not one for summary judgment following discovery, and finds that Plaintiff's allegations sufficiently plead a claim against Wesser under NYSHRL § 296. Therefore, Defendant's motion to dismiss the claim is denied.

## CONCLUSION

For the reasons stated above, the Court hereby denies Defendants' motion to dismiss Plaintiff DeLisi's claim against Defendant Wesser under NYSHRL § 296.

SO ORDERED.

s/ Leonard D. Wexler
_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
September 29, 2014